UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL PEREZ GONZALEZ,<br><br>    Petitioner,<br><br>v.<br><br>JASON KNIGHT, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General, in their official capacities,<br><br>    Respondents. | Case No. 1:25-cv-00606-BLW<br><br>**ORDER** |

    Before the Court is Petitioner's Petition for Habeas Relief (Dkt. 1).[1] On October 19, 2025, Immigration and Customs Enforcement (ICE) agents seized Petitioner during a multi-agency raid at a racetrack in Wilder, Idaho. Petitioner is believed to be currently detained by ICE in the state of Idaho. Petitioner contends

---

[1] Petitioner electronically filed a document titled "First Motion to Transfer Case to the U.S. District Court for the District of Utah" (Dkt. 3). However, the document filed appears to be a duplicate of the Petition for Writ of Habeas Corpus (Dkt. 1) rather than the titled motion. Because this document appears to have been filed in error, the Court will administratively terminate the Motion.

ORDER - 1

his detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A).

Having considered the petition, the Court finds Petitioner may be entitled to relief. The Court will therefore order Respondents to respond to the petition in accordance with the instructions set forth below. *See Danforth v. Minnesota,* 552 U.S. 264, 278 (2008) (court may adjust habeas procedures based on "equitable and prudential considerations"); *Hickey v. Adler*, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. 2008) (applying the Rules Governing § 2254 Cases to a § 2241 habeas proceeding, which require the judge to "order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order").

## ORDER

IT IS ORDERED that:

1. Respondents shall file a response to the Petition for Writ of Habeas Corpus (Dkt. 1) ***no later than November 3, 2025***.

2. Petitioner shall have an opportunity to file a reply ***no later than November 5, 2025.***

3. Service of the Petition and this Order shall be made by Petitioner on

the United States Attorney for the District of Idaho *by October 29, 2025, at 4:00 p.m.* and shall constitute good and sufficient service.

4. To further expedite adjudication of this matter, the Clerk of Court is directed to promptly provide a copy of the Petition and this Order to the United States Attorney's Office for the District of Idaho via email. The Clerk shall also serve a copy of the Petition and this Order upon the United States Attorney General, as well as Respondents Kristi Noem, Jason Knight, and Kenneth Porter by certified mail.

5. To preserve the status quo, and pursuant to the All Writs Act, 28 U.S.C. § 1651, Petitioner may not be removed from the United States or the District of Idaho until further order of this Court.

6. To further preserve the status quo, and protect the Petitioner's right to continued access to counsel, during the briefing and hearing process and until the Court can issue a decision, Respondents may not engage in activities or communications with the Petitioner in an effort to secure the abandonment of his rights in this action or regarding his rights in removal proceedings, without the presence of his attorneys.

7. The Clerk is directed to administratively terminate the First Motion to Transfer Case to the U.S. District Court for the District of Utah (Dkt. 3), as incorrectly titled.

ORDER - 3



DATED: October 28, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

**ORDER - 4**